Loi LEUNG, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 75–1484.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Oct. 28, 1975.

Decided Feb. 25, 1976.

11. *Id* at 46, 70 S.Ct. at 452.

Isidor Ostroff, Ostroff & Lawler, Philadelphia, Pa., for petitioner.

· James P. Morris, Bowie, Md., B. Franklin Taylor, Jr., John L. Murphy, Chester J. Halicki, Dept. of Justice, Washington, D. C., Jeffrey H. Simcox, Asst. U. S. Atty., Philadelphia, Pa., for respondent.

Before GIBBONS, BIGGS and WEIS, Circuit Judges.

## OPINION OF THE COURT

BIGGS, Senior Circuit Judge.

Loi Leung petitions for review of a decision of the Board of Immigration Appeals. The Board denied reopening of his deportation hearing to allow him to assert entitlement to withholding of deportation under section 243(h) of the Immigration and Nationality Act of 1952, 8 U.S.C. § 1253(h). Given the procedural problems and misunderstanding surrounding his case, we reverse the Board's decision and direct that it require the immigration judge to reopen. We have considered only the circumstances surrounding the issue of the Board reopening decision and refrain from considering the merits of Loi Leung's claim.

## FACTS

On or about August 15, 1974 Loi Leung, a resident of Hong Kong, entered the United States as a nonimmigrant crewman allowed to remain not more than twenty-nine days. On October 1, 1974 an order asking him to show cause why he should not be deported was issued by the Immigration and Naturalization Service. Later in that month, with the benefit of counsel, Loi Leung admitted deportation and was granted voluntary departure to Hong Kong for a period of two months. Loi Leung had filed *sua sponte* a section 243(h) request with the Immigration Service thirty-five days after the issuance of the show cause order and seventeen days before the deportation hearing. It is not contested by either party that Loi Leung's counsel was not aware of the request. The asylum request was not brought to the attention of the immigration judge at the deportation hearing. Counsel for Loi Leung has asserted that he first became aware of the request when he received the acting district director's decision denying the request, dated January 3, 1975. Within five days of that date Loi Leung's counsel filed a motion for reopening with the district director.

On February 14, 1975 the immigration judge denied the request for reopening. Loi Leung's counsel asserts that he still had not seen a copy of his client's asylum request. He received a translated copy of the request in the administrative record prepared for this petition. Counsel claims that, when filing the reopening motion, he "assumed" Loi Leung had supported his request with an affidavit detailing the basis of his claim and did not attempt to secure a copy. On appeal to the Board of Immigration Appeals, counsel did submit an affidavit by his client augmenting the original statement with information on potential persecution none of which was in Loi Leung's original statement.

Counsel submits that his unawareness of the contents of the asylum claim prior to this appeal was due to the language barrier between him and his client. However, the record does not disclose the problems of interpretation which apparently beset counsel. It has not been established by counsel the extent of his effort to secure all information relevant to deportation at the hearing and at the time of the reopening hearing.

In making his asylum decision the acting district director had before him only Loi Leung's original statement, prepared without benefit of counsel. The gist of that statement was that (1) Loi Leung had left

Communist China over seven years prior for an unspecified reason; (2) his parents had been killed several years before by the communists; and (3) as a result of jumping ship, he would be unemployed as a crewman for at least six months upon return to Hong Kong. The immigration judge in his decision denying the reopening noted that Loi Leung had resided in Hong Kong since 1967 and that economic privation, unrelated to persecution, was not enough to support a claim under section 243(h) which deals with persecution only "on account of race, religion, or political opinion."

In the affidavit filed with the Board by Loi Leung with the aid of counsel, Loi Leung claimed he jumped ship because of threats from a "member" of the "Communist" Seaman's Union provoked by Loi Leung's expression of his anticommunist views. It is further alleged that Loi Leung had previously expressed fears of the Seaman's Union to the Hong Kong police. He noted where a record of his police discussions could be found. The Board rejected the appeal and the new affidavit was not mentioned. This Court has jurisdiction under 8 U.S.C. § 1105a.

## LAW

■ Counsel for Loi Leung did not discover the asylum request before or at the deportation hearing and did not secure the text of the request before filing the motion to reopen on January 8, 1975. Counsel has also failed to preserve for review an issue[1] that he raises here: that the Service violated 8 CFR § 242.17, when they handled Loi Leung's original request for asylum.

■ However, this does not excuse the Board's pro forma treatment of this matter

on review. Certainly it should have been aware of Loi Leung's subsequent affidavit, which, if supported at the reopened hearing, *could* establish a legitimate claim for withholding of deportation. *Cf. Lavdas v. Holland,* 235 F.2d 955, 957–58 (3d Cir. 1956) (Hastie, J.) (possibility that extra-legal communist terrorism might give rise to legitimate persecution claim under Displaced Persons Act of 1948, if proven). Loi Leung does indicate where he might receive support for his claim, his prior discussions with the Hong Kong police. We will not allow Loi Leung's persecution claim to be obliterated because of counsel's failure to present it to the immigration judge when it was adequately raised later before the Board. The Board should make allowance for language difficulties when they potentially prejudice an alien's case. See *Kovac v. Immigration and Nat. Serv.,* 407 F.2d 102, 108 (9th Cir. 1969). "It is particularly important that an applicant for relief under section 243(h) have a reasonable opportunity to present his proofs, for the stakes are high." *Id.*

We find the Board's disregard of Loi Leung's affidavit filed for his benefit arbitrary and an abuse of discretion under the particular circumstances of this case. We will remand to the Board for a decision consistent with this order. We make no finding as to the substance of Loi Leung's claim.

---

1. Counsel argues for the first time in his reply brief that the Service failed to swear and examine Loi Leung under oath on the occasion of the request. However, that regulation is not applicable because it refers to the procedure at the end of a deportation hearing where the alien is to be advised that he may file a claim under section 243(h) for withholding of deportation and may be examined on it, presumably at the hearing. Counsel does not argue that the Service failed to follow this procedure during Loi Leung's deportation hearing, or at least advise the alien of his rights in this regard.

For Loi Leung's request the relevant regulations are 8 CFR §§ 3.2, 3.8, 103.5 which have no such examination requirement.

Even if counsel's contention were correct, he cannot raise it here for the first time. *Cisternas-Estay v. Immigration and Nat. Serv.,* 531 F.2d 155 (3d Cir., filed concurrently with this opinion).